**ORDER ESTABLISHING PROCEDURES FOR ELECTRONIC FILING
FOR CASES ASSIGNED TO JUDGE COLLEEN KOLLAR-KOTELLY**

This case has been assigned for handling to the Court's new Case Management and Electronic Case Files system, or CM/ECF. Pursuant to Federal Rule of Civil Procedure 5(e), it is by the Court *sua sponte*

**ORDERED** that the procedures set forth below be followed in this case:

**[For Pro se Plaintiffs: it is ORDERED that the procedures set forth below be followed in this case BY THE DEFENDANT(S) ONLY. PLAINTIFF, WHO IS (A PRISONER) APPEARING PRO SE, WILL CONTINUE TO FILE DOCUMENTS IN PAPER FORM. DEFENDANT(S) MUST SERVE DOCUMENTS UPON PLAINTIFF IN PAPER FORM.**]

1. **SERVICE OF COMPLAINT** - The plaintiff must promptly serve the complaint on the defendant in accordance with Federal Rule of Civil Procedure 4 and file proof of service in accordance with Local Civil Rule 5.3.

2. **REMOVED ACTIONS** - A defendant removing an action to this court must refile as a supplement to the petition any answer or renotice any pending motion.

3. **MOTIONS TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** - The parties are reminded that Motions to Dismiss that present matters outside the pleadings are converted to Motions for Summary Judgment. Fed. R. Civ. P. 12(b). The parties are informed that they are to comply **fully** with Local Rule LCvR 7(h) (formerly 7.1(h)) and 56.1. The Court strictly adheres to the dictates of Local Civil Rules 7(h) and 56.1 and may strike pleadings not in conformity with these rules. *See Burke v. Gould*, 286 F.3d 513, 519 (D.C. Cir. 2002). Additionally, each submission must be accompanied by a table of cases and other authority cited therein. The parties are strongly encouraged to carefully review *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, 101 F.3d 145 (D.C. Cir. 1996), on the subject of Local Rule LCvR 7.1(h), formerly Rule 108(h) (which is the same as rule 56.1). **The Court assumes facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.** LCvR 7(h), 56.1.

4. **All documents in this case are to be filed electronically**, except with leave of the Court upon good cause shown. Leave to file in paper form will be routinely granted for records of state court proceedings and documents that must be filed under seal. All electronically filed documents are to be in Portable Data Format (**.pdf**). While electronic filing via Internet is preferred, the Clerk's Office will accept documents on disk for filing during normal business hours only.

**NOTE**: **Courtesy Copies**: Counsel shall provide Chambers (NOT the Clerk's Office), with a printed courtesy copy of any electronic submission that is over twenty-five (25) pages in total length, or that includes more than one exhibit and/or any exhibits more than 10 pages in length. Any exhibits shall be appropriately tabbed for ease of reference.

5. A CM/ECF **password** may only be used only by the person to whom it is assigned, or, in the case of an attorney, by that attorney or an authorized employee or agent of that attorney's law office or organization.

6. The use of a CM/ECF password to login and submit documents creates an electronic record that operates and serves as the **signature** of the person to whom the password is assigned for all purposes under the Federal Rules of Civil Procedure and the Local Rules of this court.

7. The electronic submission of any order or document in accordance with these procedures constitutes **filing** for all purposes under the Federal Rules of Civil Procedure and the Local Rules of this court and simultaneously creates an official **docket entry**.

8. **No certificate of service** is required for documents filed electronically. Service is complete upon electronic submission of an order or document and will be effected by electronic notice. Counsel are responsible for monitoring their e-mail accounts and, upon receipt of notice of an electronic filing, for retrieving the order or document electronically.

9. **No proposed orders** are to be submitted with motions in this case. The Court in its discretion may grant or deny a motion by creating (and electronically serving) a docket entry, without issuing a separate document.

10. Reasonable latitude will be given for late filing occasioned by technical difficulties, but counsel are on notice that **no allowance can be made for late filing documents whose time limits are jurisdictional**.

11. Documents bearing original signatures or notarial seals (<u>e.g.</u> **affidavits, stipulations**) are to be filed in electronic form. The filing of such a document by an attorney certifies that the original signed (and, if applicable, sealed) document is in the attorney's possession.

12. **Consent decrees** may still be filed in paper format with the Clerk's Office.

13. Attorneys are to be **precise** in describing the type of pleading and the requested relief when making electronic filings with the Court, because that description becomes the official docket entry recorded in the case. Failure to be accurate and thorough in the description of documents electronically filed may result in further Court action adverse to the attorney.

**SO ORDERED.**

<u>    /s/    </u><br>
COLLEEN KOLLAR-KOTELLY<br>
United States District Judge