Filed with Court Security Officer 7/6/07
Cleared for Public Filing 7/9/07

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MOHAMMED RAJEB ABU GHANEM, also listed as MOHAMMED RAJEB SADIQ ABU GHANIM, *Petitioner*, v. GEORGE W. BUSH, *et al.*, *Respondents.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 05-CV-01638 (CKK) |

**NOTICE REGARDING ACTIVITY IN THIS CASE AND OTHER GUANTANAMO CASES AND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION REQUIRING RESPONDENTS TO PROVIDE COUNSEL FOR PETITIONER AND THE COURT WITH THIRTY DAYS' ADVANCE NOTICE OF INTENDED REMOVAL OF PETITIONER FROM GUANTANAMO**

On June 6, 2007, Petitioner Ghanem filed a motion requesting that this Court (1) stay this habeas action pending Petitioner's exhaustion of his remedies in the Court of Appeals under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 ("DTA"), and (2) hold this action in abeyance pending Petitioner's exhaustion of remedies and the filing of a renewed petition for certiorari with the Supreme Court to review the Court of Appeals' jurisdictional holding in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) ("*Boumediene*"), or the Supreme Court's resolution of the same jurisdictional issue as presented in a pending petition for certiorari in *Hamdan v. Rumsfeld*, No. 06-1169, and an original habeas petition in *In re Ali*, No. 06-1194. When the Supreme Court initially denied certiorari in the *Boumediene* case, it indicated that exhaustion under the DTA is necessary before Petitioner Ghanem's habeas claims can be addressed. Thus, Petitioner Ghanem noted his intention to file for relief under the DTA in his June 6 motion.

But on June 29, 2007, before Petitioner Ghanem filed a petition for relief under the DTA, the Supreme Court reconsidered its earlier decision and granted the renewed petitions for certiorari in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007). (*Boumediene* and *Al Odah* are consolidated.) Presumably because it granted certiorari in *Boumediene*, the Supreme Court has also withheld action on the original habeas petition in *In re Ali*, S. Ct. No. 06-1194, which also challenges the Court of Appeals' decision in *Boumediene*.

The grant of certiorari in *Boumediene* means that the Supreme Court is likely to resolve the jurisdictional issues presented by the Guantanamo cases without requiring Petitioner Ghanem to pursue a DTA filing – a process that Petitioner contends violates his right of habeas corpus and constitutional protections – and thus obviates Petitioner's reasons for filing for relief under the DTA. The procedures afforded Petitioner Ghanem under the DTA of 2005 are and will always be a fundamentally inadequate substitute for habeas corpus rights. Petitioner believes that the procedures set out in the DTA are so flawed that he cannot receive a fair determination of whether he is properly held by the United States government.

Thus, in light of the Supreme Court's action, Petitioner Ghanem does not intend to file for relief under the DTA at this time. Instead, Petitioner respectfully submits this notice of recent activity in further support of his pending stay-and-abey motion and his opposition to the government's pending motion to dismiss, and moves this Court to grant his counsel 30 days' notice of intended transfer from Guantanamo Bay Naval Base in Cuba. This relief will protect Petitioner until the issues central to this habeas case are resolved. Recent press developments regarding the uncertainty of Guantanamo's future cause Petitioner to reasonably believe that he may be at immediate risk of being transferred to an unknown location where he could be held indefinitely without due process of law and potentially tortured or otherwise treated in an abusive

manner. The requested notice will allow Petitioner Ghanem to seek relief from this Court if necessary and allow this Court to preserve its jurisdiction pending Supreme Court review of the *Boumediene* and *Al Odah* cases.

I.  **Recent Activity in Guantanamo Cases Supports Granting Petitioner Ghanem's Stay-and-Abey Motion and Denying the Government's Motion to Dismiss**

*First*, the possibility that the Supreme Court will reverse the Court of Appeals' decision and permit petitioners to pursue their habeas actions militates in favor of staying these actions at least until the Supreme Court decides *Boumediene*.

*Second*, the D.C. Circuit issued an order in *Al Ginco v. Bush*, D.C. Cir. No. 06-5191, on June 7, 2007, making clear that this Court has jurisdiction to grant Petitioner's stay-and-abey motion and may deny the government's motion to dismiss. In the order, the D.C. Circuit (1) denied the government's motion to vacate this Court's orders requiring the government to provide the petitioners' counsel with advance notice of any intended removal of the petitioners from Guantanamo, and (2) denied the government's motion to dismiss the habeas petitions. The Court stated:

> The district court may consider in the first instance respondents' motion to dismiss and petitioners' motions to stay and hold in abeyance, which are currently pending before the district court in the actions underlying these consolidated appeals.

(Ex. 1.) The D.C. Circuit's order makes clear that this Court retains jurisdiction over this case unless and until this Court dismisses this case, and that this Court need not dismiss this case but may grant Petitioner's stay and abey motion.

II. **30 Days' Notice of Transfer is Appropriate to Protect Petitioner Against Rendition and Abuse**

Petitioner Ghanem requests that his counsel be given thirty days' advance notice of any transfer to provide his counsel with an opportunity to contest his removal from Guantanamo and to preserve the jurisdiction of this Court in this matter. On information and belief, Respondents

3

have contemplated or are contemplating removing Petitioner to foreign territories where he could be tortured or held indefinitely without due process of law. The requested relief will allow Petitioner Ghanem to seek relief from this Court if necessary and allow this Court to preserve its jurisdiction pending Supreme Court review of the *Boumediene* and *Al Odah* cases.

> **A.     Petitioner Ghanem Is in Danger of Being Transferred to an Unknown Location Where He Faces Possible Torture and Indefinite Detention Without Due Process of Law**

Petitioner Ghanem is a Yemeni national who has been held at Guantanamo for around five years. Respondents may at any time transfer Petitioner Ghanem to a foreign jurisdiction where he may be detained indefinitely, abused, or even tortured.

For years, the press has reported on Pentagon plans to transfer more than half of the detainees at Guantanamo to countries having abominable human rights records, such as Saudi Arabia, Afghanistan, and Yemen. *See* Douglas Jehl, *Pentagon Seeks to Transfer More Detainees from Base in Cuba*, New York Times, March 11, 2005. The government now appears to be executing that plan. Recent press reports regarding mounting internal pressures to close the detention facilities at Guantanamo place Petitioner Ghanem in grave danger of being moved to an undisclosed location. *See* AP, *Democrats Plan to Close Guantanamo*, June 29, 2007 ("The White House says Bush has already decided to close the U.S. prison in Cuba and transfer more than 370 terrorism suspects elsewhere."). Within the last six months, dozens detainees were transferred to foreign governments, including Saudi Arabia, Afghanistan, and Yemen, among others. *See* Press Releases, Dep't of Defense, Detainee Transfer Announced (Dec. 14, 2006; Dec. 17, 2006; Feb. 21, 2007; Mar. 1, 2007; Mar. 26, 2007; Mar. 30, 2007; Apr. 26, 2007; May 19, 2007).

Petitioner Ghanem has reason to fear that he will be transferred into the custody of the government of Yemen or a third country for continued illegal detention without due process of law. On information and belief, a number of detainees have been removed to countries where

they have been imprisoned and denied access to the courts.[1] In the past, the U.S. government has contemplated transferring "large numbers of Afghan, Saudi, and Yemeni detainees from the military's Guantanamo Bay, Cuba, detention center into new U.S.-built prisons in their home countries." Dana Priest, *Long-Term Plan Sought For Terror Suspects*, Wash. Post, Jan. 2, 2005, at A1.

Petitioner Ghanem also has reason to fear that he will be transferred to a country where he will be tortured or detained indefinitely without due process of law. Upon information and belief, the United States has secretly removed detainees and others suspected of terrorist activities to other countries to be interrogated or detained without complying with extradition or other legal processes. This practice, known as "rendition" or "extraordinary rendition," is understood to be used to facilitate interrogation by subjecting detainees to torture.

Reports by reputable news organizations such as the *Washington Post* and the BBC have documented the repeated transfer detainees by the U.S. government into the custody of foreign governments that employ inhumane interrogation techniques. According to the *Washington Post*,

> Since September 11, the U.S. government has secretly transported dozens of people suspected of links to terrorists to countries other than the United States, bypassing extradition procedures and legal formalities, according to Western diplomats and intelligence sources. The suspects have been taken to countries . . . whose intelligence services have close ties to the CIA and where they can be subjected to interrogation tactics – including torture and threats to families – that are illegal in the United States, the sources said. In some cases, U.S. intelligence analysts remain closely involved in the interrogation, the sources said.

---

[1] In its December 17 press release, the government states that "approximately 85 detainees remain at Guantanamo who the U.S. Government has determined eligible for transfer or release" – almost a third of the population of the prison. *Id*. The press release notes that the government "expects that there will continue to be other transfers" of detainees. *Id*. On information and belief, there is a substantial likelihood that Petitioner Ghanem is among the detainees slated for transfer.

Rajiv Chanrasekaran & Peter Finn, *U.S. Behind Secret Transfer of Terror Suspects*, Wash. Post, Mar. 11, 2002, at A1. Detainees may be brought to countries that are known to practice torture. *See, e.g.*, Megan K. Stack & Bob Drogin, *Detainee Says U.S. Handed Him Over for Torture*, L.A. Times, Jan. 13, 2005, at A1.

### B. Petitioner Ghanem Is Entitled to a Preliminary Injunction Granting 30 Days' Notice of Impending Transfer From Guantanamo to His Counsel and the Court

Petitioner Ghanem's request meets the most fundamental purpose of preliminary injunctive relief: "to preserve the status quo between the parties pending a final determination of the merits of the action." 13 Moore's Federal Practice 3d, § 65.20 (2004). Under the All Writs Act, 28 U.S.C. § 1651(a), this Court has the inherent power "to issue injunctions to protect its jurisdiction." *Envtl. Def. Fund v. EPA*, 485 F.2d 780, 784 n.2 (D.C. Cir. 1973).

Each of the four factors to be weighed in awarding preliminary injunctive relief favors the Petitioner's request for 30 days' notice of transfer: (1) Petitioner Ghanem will suffer irreparable harm if the injunction is denied; (2) no harm will be suffered by Respondents if the injunction is granted; (3) Petitioner Ghanem is likely to succeed on the merits of his claims; and (4) there is a clear public interest in preventing the United States Government from rendering individuals to foreign countries for illegal detention and torture. *See Serono Labs., Inc. v. Shalala*, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998). These factors are balanced on a sliding scale; "if the arguments for one factor are particularly strong, an injunction may issue[.]" *Id*.

Petitioner Ghanem's request should be granted because he faces a clear and present threat of severe and irreparable harm if transferred. He faces prospective harm of two types: personal bodily harm and legal harm. *First*, Petitioner Ghanem may suffer immeasurable and irreparable personal bodily harm – from detention to torture to possible death – at the hands of a foreign government. *Second*, and without doubt, Petitioner Ghanem will be harmed legally if trans-

6

ferred, as transfer to another country circumvents his right to adjudicate the legality of his detention in this Court. Transfer would "eliminate any opportunity for [Petitioner] to ever obtain a fair adjudication of [his] 'fundamental right to test the legitimacy of [his] executive detention.'" Memorandum Opinion [Granting Motion for 30 Days' Notice], Civil Action No. 04-1254 (HHK), Doc. No. 11 (D.C. Dist., June 3, 2005). The severity of the harm Petitioner Ghanem would suffer if transferred weighs heavily in favor of granting his request for 30 days notice.

By contrast, Respondents, who have already held Petitioner Ghanem for several years, need only to provide counsel and the Court with adequate notice of any intended removal of Petitioner Ghanem from Guantanamo. This request does not place a substantial burden on Respondents, and Respondents can suffer no conceivable harm from complying with this request.

In addition, Petitioner Ghanem will likely succeed on the merits of his claims. Petitioner has properly invoked the jurisdiction of this Court.[2] *See Rasul v. Bush*, 124 S. Ct. 2686, 2698 (2004). The Supreme Court has already ruled that detainees have stated actionable claims under the Due Process Clause and the Geneva Conventions. *See Hamdan v. Rumsfeld*, 126 S.Ct. 2749 (2006). For the United States Government to remove Petitioner Ghanem to a country that would afford no such protections would be to flout the Supreme Court's rulings and defeat jurisdiction over petitioner. Such a transfer would also violate basic international legal norms embodied not only in the Geneva Conventions but also in the International Covenant on Civil and Political Rights and the Convention Against Torture and Other Cruel and Degrading Treatment and Punishment.

---

[2] The Military Commissions Act, which became law after this case was filed, does not apply to this pending case. But this issue has been extensively briefed elsewhere and will be addressed by the Supreme Court in the *Boumediene* and *Al Odah* cases soon. The Court need not address this complicated issue to grant this simple request for 30 days notice of transfer, particularly when the severity of harm factor weighs so heavily in favor of granting it.

Finally, public policy favors requiring Respondents to provide advance notice to counsel and the Court of any intended removal of Petitioner from the Court's jurisdiction. The public good requires that a federal litigant – properly before the Court and represented by counsel – be provided with a meaningful opportunity to contest his transfer into the hands of those who might torture him or detain him indefinitely. The relief Petitioner requests will not impede Respondents' efforts to transfer Petitioner to an appropriate location. Alternative agreements have been worked out in cases where the government needed to accelerate the 30-day period and a prisoner was being transferred to an acceptable location. Instead, Petitioner Ghanem requests this relief to provide a means of seeking relief from this Court before he is transferred to a place where he might be tortured or further held without process.

## III.   Conclusion

For the foregoing reasons, and the reasons earlier set forth by Petitioner Ghanem, this Court should grant Petitioner's stay-and-abey motion and deny the government's motion to dismiss. In addition, this Court should grant Petitioner Ghanem's motion for 30 days' notice of intended transfer of Petitioner from Guantanamo Bay Naval Base in Cuba.

Dated:  July 6, 2007.                                      Respectfully submitted,

                                                           Counsel for Petitioner:

                                                            /s/ *Kit A. Pierson*
                                                           Brent N. Rushforth, DC Bar No. 331074
                                                           Kit A. Pierson, DC Bar No. 398123
                                                           Sarah B. Pojanowski, DC Bar No. 502036
                                                           Jenny L. Workman, DC Bar No. 502584
                                                           Elizabeth Arora
                                                           HELLER EHRMAN LLP
                                                           1717 Rhode Island Avenue, NW
                                                           Washington, DC 20036
                                                           Tel: (202) 912-2000
                                                           Fax: (202) 912-2020

Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
CENTER FOR CONSTITUTIONAL RIGHTS
66 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MOHAMMED RAJEB ABU GHANEM,** also listed as MOHAMMED RAJEB SADIQ ABU GHANIM; <br><br> *Petitioner*, <br><br> *v.* <br><br> **GEORGE W. BUSH**, *et al.*, <br><br> *Respondents.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 05-CV-01638 (CKK) |

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 6th day of July, 2007, I caused a true and correct copy of the **NOTICE REGARDING ACTIVITY IN THIS CASE AND OTHER GUANTANAMO CASES AND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION REQUIRING RESPONDENTS TO PROVIDE COUNSEL FOR PETITIONER AND THE COURT WITH THIRTY DAYS' ADVANCE NOTICE OF INTENDED REMOVAL OF PETITIONER FROM GUANTANAMO** to be served by filing with the Court Security Officer, with notice of filing on the ECF system provided to:

TERRY M. HENRY
ANDREW WARDEN
JUDRY SUBAR
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470
Counsel for Respondents

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Kit A. Pierson*