Filed with the Court Security Officer on July 27, 2007
Cleared for Public Filing July 30, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MOHAMMED RAJEB ABU GHANEM,** also listed as MOHAMMED RAJEB SADIQ ABU GHANIM;<br><br>*Petitioner*,<br><br>v.<br><br>**GEORGE W. BUSH**, *et al.*,<br><br>*Respondents*. | CIVIL ACTION NO. 05-CV-01638 (CKK) |

**PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION FOR RECONSIDERATION OF JULY 10, 2007 ORDER**

On July 10, 2007, this Court issued an order that simply maintains the status quo by preserving the Court's jurisdiction over Petitioner's habeas corpus petition until the United States Supreme Court answers the question of whether Petitioner Ghanem may continue to pursue his petition in this Court. The Court ordered Respondents to give thirty days notice if it seeks to transfer Petitioner to an offshore venue beyond the Court's jurisdiction. Respondents now seek reconsideration of this Order because they do not want to abide by this reasonable requirement; they would deny this Court the authority to maintain jurisdiction in the event Respondents decide to transfer Petitioner beyond the Court's reach. However, Respondents do not meet the standard required for reconsideration of an interlocutory order.

District Courts for the District of Columbia have held that reconsideration motions should only be granted "as justice requires." *Judicial Watch v. Dep't of the Army*, 466 F.Supp.2d 112, 113 (D.D.C. 2006). In practice, this "standard amounts to determining 'whether reconsideration is necessary under the relevant circumstances.'" *Id.* (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). When deciding "whether reconsideration is necessary," a court should ask the concrete questions of whether a "'Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, [or] has made an error not of reasoning, but of apprehension.'" *Lemmons v. Georgetown Univ. Hosp.*, 241 F.R.D. 15, 22 (D.D.C. 2007) (quoting *Singh v. George Washington Univ.*, 383 F.Supp.2d 99, 101 (D.D.C. 2005)).

Respondents accuse this Court of the latter, making an error of apprehension by failing to grasp the directives of *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 75 U.S.L.W. 3707 (U.S. June 29, 2007), but they are actually attacking the Court's reasoning. And disagreement with a court's reasoning is not sufficient reason for reconsideration. *See Lemmons*, 241 F.R.D. at 22.

This Court was clearly familiar with *Boumediene*. However, the Court reasoned correctly that *Al Ginco v. Bush*, No. 06-5191 (D.C. Cir. June 7, 2007), would be rendered meaningless if Respondents could simply physically move petitioner beyond the Court's reach and that *Boumediene* does not require such a result. Respondents in fact concede, because they must, that under *Al Ginco* the Court has the authority to stay and hold this case in abeyance. *See* Defendant's Motion for Reconsideration ("Motion") at 7. And *Al*

2

*Ginco* is not in contradiction with *Boumediene* because, as Respondents themselves point out, *Al Ginco* actually "relies on the jurisdictional holding of *Boumediene*." *Id*. Under the guidance of *Al Ginco*, this Court thus rationally reasoned that neither *Boumediene*, nor any other authority, strips the District Courts of their authority to maintain jurisdiction in the event Respondents decided to remove Petitioner from this Court's jurisdiction.

This Court realized that such a consideration also makes no sense in light of the pending Supreme Court decision on the issue of this Court's jurisdiction in the instant case. Respondents portray the D.C. Circuit's *Boumediene* decision as the final arbiter of whether the Military Commissions Act ("MCA") strips this court of jurisdiction. But the Supreme Court's grant of certiorari in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 75 U.S.L.W. 3707 (U.S. June 29, 2007), shows that jurisdiction remains an open question in this case and that the Supreme Court will have the final word in this matter. It could just as well find that:

> The writ would have reached the detainees at common law, and Congress has neither provided an adequate alternative remedy, through the Detainee Treatment Act of 2005, Pub. L. No. 109-148, Div. A, tit. X, 119 Stat. 2680, 2739 ("DTA"), nor invoked the exception to the Clause by making the required findings to suspend the writ. The MCA is therefore void and does not deprive this court or the district courts of jurisdiction.

*Id*. at 995 (Rogers, J., dissenting).

As a practical matter, the Supreme Court's grant in *Boumediene* makes it essential for this court to preserve its jurisdiction over Petitioner Ghanem in this case until the issue can be decided. Granting Petitioner's request for notice before transfer permits the

3

Court to protect its jurisdiction by keeping Petitioner Ghanem from being unwillingly transferred to a location over which the Court lacks jurisdiction. All Writs Act, 28 U.S.C. § 1651(a); *Envtl. Def. Fund v. EPA*, 485 F.2d 780, 784 n.2 (D.C. Cir. 1973) (Courts have the inherent power "to issue injunctions to protect . . . jurisdiction."). As Respondents acknowledge, one court has already granted the requested relief after the Supreme Court's grant of certiorari in *Boumediene*. *See Ghanem v. Bush*, 05-cv-01638, dkt. 53 (D.D.C. July 10, 2007).

If the Supreme Court rules that this Court does indeed have jurisdiction, the decision would be moot for Petitioner Ghanem if he is transferred beyond the Court's reach to a locale where his future would be uncertain at best. Justice certainly does not require such an outcome, contrary to Respondents' impertinent argument. Such a result would instead constitute a travesty, especially given the minor burden on respondent to provide notice before transfer.[1] Yet, that is precisely the result Respondents seek.

Respondents' claims that the requested relief will interfere with international relations are overblown. If Respondents are sincere in their protestations that Petitioner faces no risk, they cannot be harmed by the notice provision. Should Respondents transfer Petitioner Ghanem to a location where he will not face abuse of process or

---

[1] Attempting to further obfuscate the issues, Respondents gripe that Petitioner failed to "justify the grant of the extraordinary injunctive relief he sought." *See* Motion at 3. Yet the Order is neither extraordinary nor an injunction. Respondents are not enjoined from any action; they are simply required to give notice prior to transferring Petitioner to a locale beyond the Court's jurisdictional reach.

person, there will be no need for Petitioner Ghanem to seek relief from this Court. In that situation, the parties can easily speed up the transfer process, an expediency that has already occurred in numerous cases with notification provisions in place. Petitioner Ghanem has no desire to slow down his transfer to a neutral or favorable location; to the contrary, he only requests some legal protection against finding himself in a worse situation than the one he currently faces.

Respondents' opposition brief does little to alleviate Petitioner Ghanem's concerns that he will be transferred to a hostile location. According to Respondents, the standard used by the State Department is that detainees will not be transferred to countries where it is "more likely than not" they will be tortured. Opp. at 16; Williamson Decl. ¶ 4. On its face, the State Department policy will allow Petitioner Ghanem to be transferred to a country where there is up to and including a **50 percent chance** that he will be tortured. The risk to Petitioner rises far beyond "mere speculation," though the precise level of risk is unknown (and cannot be discovered by Petitioner).

In their opposition, Respondents refrain from telling the Court that Petitioner Ghanem will not be transferred to a prison in Afghanistan or some other undesirable location. Speaking in the broadest of generalities, the Williamson Declaration lists Afghanistan as a place where detainees could be transferred, and explicitly states: "A detainee may be considered for transfer to a country other than his country of nationality." *Id*. ¶¶ 2-3. None of these statements alleviate Petitioner Ghanem's concerns, nor should they assuage the Court's concerns regarding possible transfer of the Petitioner.

Recent developments regarding detainee transfers and policies highlight some holes in Respondents' assurances to the Court. In particular, the United States has transferred detainees to places other than their home countries as recently as one week ago. *See* AP, *U.S. Sends Guantanamo Prisoner Who Tried to Kill Himself to Saudi Arabia*, July 17, 2007 (reporting that United States transferred a citizen of Bahrain to Saudi Arabia on July 14 or 15). Further, the press has been reporting the United States' plans to expand the prison facilities in Afghanistan and transfer Afghani Guantanamo detainees there this summer. *See, e.g.*, AP, *Inmates Detail U.S. Prison Near Kabul*, Oct. 1, 2006. The prison in Afghanistan already houses inmates from other countries. *Id*. Petitioner Ghanem fears that pressure to close Guantanamo might motivate the U.S. to move non-Afghani prisoners to Bagram, where widespread abuse has been documented. *See* Eliza Griswold, *Black Hole, the Other Guantanamo*, The New Republic, May 7, 2007, *available at* http://www.tnr.com/doc.mhtml?i=20070507&s=griswold050707.

While these facts are not conclusive, they suggest that Respondents will bear only a de minimis burden from the requested relief, while the prospective harm to Petitioner may be severe. Further, the Court has a strong interest in preserving the status quo until the jurisdiction question can be resolved by the Supreme Court. Thus, Petitioner Ghanem respectfully requests this Court to deny Respondent's Motion for Reconsideration and uphold its requirement that Respondents provide to counsel for Petitioner and this Court thirty days notice of intended removal from Guantanamo.

| | |
|---|---|
| Dated: July 27, 2007. | Respectfully submitted,<br><br>Counsel for Petitioner:<br><br>*/s/ Kit A. Pierson*<br>Kit A. Pierson, DC Bar No. 398123<br>Brent N. Rushforth, DC Bar No. 331074<br>Sarah B. Pojanowski, DC Bar No. 502036<br>Jenny L. Workman, DC Bar No. 502584<br>Elizabeth Arora<br>HELLER EHRMAN LLP<br>1717 Rhode Island Avenue, NW<br>Washington, DC 20036<br>Tel: (202) 912-2000<br>Fax: (202) 912-2020<br><br>Gitanjali S. Gutierrez<br>Pursuant to LCvR 83.2(g)<br>CENTER FOR CONSTITUTIONAL RIGHTS<br>66 Broadway, 7th Floor<br>New York, New York 10012<br>Tel: (212) 614-6439<br>Fax: (212) 614-6499 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOHAMMED RAJEB ABU GHANEM,** also listed as MOHAMMED RAJEB SADIQ ABU GHANIM; <br><br> *Petitioner,* <br><br> *v.* <br><br> **GEORGE W. BUSH**, *et al.*, <br><br> *Respondents.* | ) ) ) ) ) ) ) ) ) ) **CIVIL ACTION NO. 05-CV-01638 (CKK)** ) ) ) ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that, on this 27th day of July, 2007, I caused a true and correct copy of the **PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION FOR RECONSIDERATION OF JULY 10, 2007 ORDER** to be served by filing with the Court Security Officer, with notice of filing on the ECF system provided to:

TERRY M. HENRY
ANDREW WARDEN
JUDRY SUBAR
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470
Counsel for Respondents

                                                                               */s/ Sarah B. Pojanowski*