IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED RAJEB ABU GHANEM, et al., <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, President of the United States, et al., <br><br> Respondents. | Civil Action No. 05-cv-1638 (CKK) |

## RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF JULY 10, 2007, ORDER

Respondents request that the Court reconsider and vacate the provision of its July 10, 2007, Order (dkt. no. 53) that requires respondents to provide thirty days' notice to the Court before transporting or removing the petitioner from Guantanamo Bay, Cuba.

Reconsideration of an interlocutory order is appropriate when the Court has made an error of apprehension, which may include "failure to consider 'controlling decisions . . . that might reasonably be expected to alter the conclusion reached by the court.'" *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration is appropriate in this instance because the Court's order was in conflict with controlling authority that respondents did not have an opportunity to present to the Court before the order was issued.

In *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (U.S. June 29, 2007) (No. 06-1195), the Court of Appeals unambiguously held that the Military Commissions Act of 2006 ("MCA") has altogether deprived this Court of jurisdiction over cases

such as petitioner's. *See id.* at 988. Based on *Boumediene*, in *Zalita v. Bush*, No. 07-5129 (D.C. Cir. Apr. 25, 2007), the Court of Appeals denied a detainee's request to enjoin his transfer from Guantanamo Bay in the context of an appeal from a district court order denying an injunction against transfer. In *Hamlily v. Gates*, No. 07-1127 (D.C. Cir. July 16, 2007), the Court of Appeals found it lacked jurisdiction to enter an order requiring 30 days' notice of intended removal of a detainee challenging his detention under the Detainee Treatment Act (DTA). Given that in *Hamlily* there was no dispute that the Court of Appeals had jurisdiction over the petitioner's underlying DTA challenge, the court's conclusion that it lacked jurisdiction to grant the requested relief applies with greater force in this case, where under the authority of *Boumediene* the district court does not have jurisdiction over the underlying habeas petition.

The fact that the Supreme Court has granted certiorari in *Boumediene* does not affect its status as the law of the Circuit, for the reasons respondents have explained in previous filings. *See, e.g.*, Resp'ts' Mot. for Recons. of July 10, 2007, Order (dkt. no. 54) at 9–11 & n.5. The petitioner's speculation that the Supreme Court might agree with the dissent in *Boumediene* and might therefore reverse the Court of Appeals, *see* Pet'r's Opp'n to Resp'ts' Mot. for Recons. of July 10, 2007 Order (dkt. no. 56) at 3, is irrelevant. Conjecture about a result that the Supreme Court could theoretically reach in a case that it has not yet heard has no value as precedent.

The All Writs Act, 28 U.S.C. § 1651, does not provide a basis for this Court to issue interlocutory relief in a case where the Court lacks jurisdiction. The Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions," 28 U.S.C. § 1651(a), but the Act "confines the authority to the issuance of process 'in aid of' the issuing court's jurisdiction" and "does not enlarge that jurisdiction." *Clinton v. Goldsmith*, 526

U.S. 529, 534-35 (1999); *see also In re Tennant*, 359 F.3d 523, 527 (D.C. Cir. 2004) (quoting *id.*). Thus, because the MCA deprives the Court of jurisdiction as explained in *Boumediene*, the All Writs Act provides no basis for issuing writs in aid of any exercise of jurisdiction by the District Court.

Moreover, apart from the Court's lack of jurisdiction, the order requiring notice of any transfer of the petitioner is inappropriate for the reasons explained in the respondents' motion for consideration. The petitioner failed to establish a likelihood of success on the merits. *See* Resp'ts' Mot. for Recons. of July 10, 2007, Order at 13–17. The petitioner's speculation that he could be transferred to a place where he could be in danger of harm is not a sufficient basis for an injunction placing conditions on any transfer of the petitioner. *See* Resp'ts' Mot. for Recons. of July 10, 2007, Order at 18–19. Finally, separation of powers and other important public interests weigh heavily against a court's imposition of conditions on any decision to repatriate or transfer the petitioner. *See* Resp'ts' Mot. for Recons. of July 10, 2007, Order at 19–20.[1]

For the reasons stated above and in the respondents' motion for reconsideration, respondents respectfully request that the Court reconsider its Order of July 10, 2007, and vacate

---

[1] The petitioner asserts that the notice requirement imposed by the court is not an injunction by nature. Pet'r's Opp'n to Resp'ts' Mot. for Recons. of July 10, 2007 Order at 4 n.1. This assertion is contradicted by the petitioner's own filings. The petitioner's earlier request for an order imposing such a notice requirement took the form of a motion for temporary restraining order and preliminary injunction. *See* Notice Regarding Activity in this Case and Other Guantanamo Cases and Mot. for TRO and Prelim. Inj. Requiring Resp'ts to Provide Counsel for Pet'r and the Court with Thirty Days' Advance Notice of Intended Removal of Pet'r from Guantanamo (dkt. nos. 51, 52). The petitioner's opposition to the instant motion for reconsideration characterizes the court's order as an exercise of the court's "inherent power 'to issue *injunctions* to protect . . . jurisdiction.'" Pet'r's Opp'n to Resp'ts' Mot. for Recons. of July 10, 2007 Order at 4 (quoting *Envtl. Def. Fund, Inc. v. EPA*, 485 F.2d 780, 784 n.2 (D.C. Cir. 1973)) (emphasis added).

that order to the extent that it requires respondents to provide advance notice to the Court of "any release, repatriation, or rendition" of the petitioner.

| | |
|---|---|
| Dated: August 2, 2007 | Respectfully submitted,<br>PETER D. KEISLER<br>Assistant Attorney General<br><br>DOUGLAS N. LETTER<br>Terrorism Litigation Counsel<br><br>   /s/ JAMES C. LUH   <br>JOSEPH H. HUNT (D.C. Bar No. 431134)<br>VINCENT M. GARVEY (D.C. Bar No. 127191)<br>JUDRY L. SUBAR (D.C. Bar 347518)<br>TERRY M. HENRY<br>JAMES J. SCHWARTZ<br>JEAN LIN<br>ROBERT J. KATERBERG<br>ANDREW I. WARDEN<br>NICHOLAS A. OLDHAM<br>JAMES C. LUH<br>Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Ave., N.W.<br>Washington, DC  20530<br>Tel:  (202) 514-4938<br>Fax:  (202) 616-8470<br><br>Attorneys for Respondents |