UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMMED RAJEB ABU GHANEM,

    Petitioner,

    v.

BARACK H. OBAMA, President of the
United States, *et al.*,

    Respondents.

Civil Action No. 05-1638 (CKK)

**ORDER**
(February 20, 2009)

Currently pending before the Court is Respondents' [150] Motion to Clarify, Amend, and Reconsider the Court's Order of February 6, 2009, which granted-in-part and denied-in-part Petitioner's Motion for Additional Discovery. Respondents' motion represents an unnecessary drain on judicial resources and an inexcusable lack of preparation by Respondents' counsel. The Court shall therefore DENY Respondents' motion. If Respondents need additional time to comply with their discovery obligations in this case for reasons that are specific to this case, they are required to file a Motion for an Extension pursuant to the Court's January 7, 2009 Scheduling Order.

To place Respondents' motion in context, the Court shall provide a brief background associated with Petitioner's Motion for Additional Discovery, which was filed on January 9, 2009. After Respondents filed their Opposition on January 23, 2009, the Court issued a Minute Order explaining that Petitioner's Motion for Additional Discovery failed to demonstrate good cause pursuant to Section I.E.2 of the Amended Case Management Order:

> [a]dditional discovery . . . may be obtained only upon a showing of good cause as described in Section I.E.2 of the Case Management Order. Petitioner's motion, as it currently stands, clearly fails to demonstrate good cause because the two requests contained therein are not narrowly tailored and Petitioner provides no explanation as to why the requested information would produce evidence demonstrating that Petitioner's detention is unlawful.

Min. Order dated Jan. 26, 2009. *See also* Amended Case Management Order § I.E.2 (requiring additional discovery requests to (1) be narrowly tailored, not open-ended, (2) specify the discovery sought, (3) explain why the request, if granted, is likely to produce evidence that demonstrates that the petitioner's detention is unlawful, and (4) explain why the requested discovery will enable the petitioner to rebut the factual basis for his detention without fairly disrupting or unduly burdening the government). Accordingly, the Court ordered Petitioner to file a Reply no later than January 30, 2009, that was consistent with the good cause standard.

When Petitioner filed his Reply on January 30, 2009, he re-framed his discovery request:

> [a]ll statements in whatever form (including written, electronic, video recording, or audio recording) made or adopted by any person named or relied on in the narrative in the Government's Return to support or establish an alleged fact; all documents containing information as to the circumstances under which such statements were made or adopted; and all documents containing any assessment or evaluation by the Government of the credibility or reliability of the person making the statement.

Pet'r's Reply at 1. Because Petitioner appeared to narrow the discovery he was seeking, the Court ordered Respondents to file a Sur-Reply by February 3, 2009, and it scheduled a closed-session status hearing to discuss Petitioner's Motion for Additional Discovery on February 6, 2009.

At the Court's February 6, 2009 Status Hearing, the Court and the parties discussed, among other issues, Respondents' obligation to produce to Petitioner "all

2

statements, in whatever form, made or adopted by the [P]etitioner that relate to the information contained in the factual return." Amended Case Management Order § I.E.1. The parties and the Court further discussed whether it was possible for the universe of documents searched by Respondents–described by Respondents as the documents compiled by the Joint Intelligence Group of the Joint Task Force-Guantanamo ("JIG") and the Office for the Administrative Review of the Detention of Enemy Combatants ("OARDEC")–to contain forms of statements made by Petitioner that were referenced in the Factual Return but that were not produced to Petitioner (*e.g.*, audio/video recordings or alternative summaries of the same statements). Because Respondents indicated that such documents could potentially exist, the Court ordered Respondents to search for and produce them to Petitioner. After hearing additional argument from the parties, the Court also required Respondents to conduct the same search for other forms of statements made by the key third-parties named in the Factual Return. Thus, the Court's February 6, 2009 Order granting-in-part and denying-in-part Petitioner's Motion for Additional Discovery contained the following directive:

> on or before February 20, 2009, Respondents shall disclose to Petitioner's counsel, pursuant to Section I.E.2 of the Case Management Order, as amended, all statements, in whatever form, whether cumulative or not, that have not previously been disclosed, made by the six individuals named in the Factual Return and who were discussed at the Court's February 6, 2009 hearing, relating to the statements attributed to them in the Factual Return.

Order at 1-2 (Feb. 6, 2009).[1]

Significantly, Petitioner never asked for, and the Court never ordered,

---

[1] The Court's Order contained other provisions that are not relevant to the instant motion and are thus not referenced by the Court herein.

Respondents to search a different universe of documents. Nevertheless, Respondents have filed the instant Motion to Clarify, Amend, and Reconsider its February 6, 2009 Order, on the grounds that (1) the Court's Order may have required Respondents to perform a search significantly beyond the evidence reviewed by the attorneys preparing the factual returns for all detainees (*i.e.*, the documents compiled by JIG and OARDEC), and (2) the Court did not make a specific finding concerning the burden on the Government to produce the additional discovery required by the February 6, 2009 Order. The Court finds that Respondents' motion lacks merit.

Petitioner did not ask for a search beyond the documents compiled by JIG and OARDEC, and the Court did not order one. It is entirely unclear why Respondents would seek clarification regarding a search that was never contemplated to date. The Court's February 6, 2009 Order was certainly not unusual or a unique interpretation of Respondents' discovery obligations. The Amended Case Management Order specified that Respondents must produce Petitioner's statements "in whatever form," and other Judges in this district have also interpreted that language to include all reasonably available forms of the statements included in Respondents' Factual Returns. *See, e.g.*, *Zaid v. Obama*, No. 05-1646 (Feb. 9, 2009). The Court's Order simply extended the same search performed for Petitioner's statements to documents related to the statements of key third-parties on which Respondents relied in the Factual Return. Having now raised the issue, however, the Court shall require Respondents' counsel, to the extent they already have knowledge of documents that would be responsive to the Court's Order but are outside of the pool of documents compiled JIG and OARDEC, to produce those documents to Petitioner's counsel. While the Court is not ordering a *search* for such

documents, if Respondents' counsel already has *knowledge* of them, regardless of whether they are located in the documents compiled by JIG and OARDEC, the Court is requiring them to be produced.

Even more troubling, however, is Respondents' repeated assertion that the Court failed to make specific findings concerning the burden on the Government to produce this discovery. The Court specifically invited Respondents' counsel to describe the nature of the burden that would be imposed on the Government if the Court ordered production of this additional discovery, and Respondents' counsel failed to offer any specific information to the Court. *See, e.g.*, 2/6/09 Tr. at 38:16 - 39:4 ("The Court: Now, is there something that would be a problem? Are there enormous amounts of statements for these people, do you know? . . . Mr. Folio: I can't speak to the total number of statements for these five or six petitioners . . ."). To the extent Respondents believe there is an absence of specific findings by the Court as to the burden on the Government, it is entirely due to Respondents' failure (or inability) to provide the Court with any specific information concerning the burden on Respondents to produce these documents *in this case*. For example, Respondents *never* indicated that the search ordered by the Court would produce 3,800 potentially responsive documents (the number indicated in a footnote in Respondents' motion). *See* Resp'ts' Mot. at 6 n.3.[2]

Respondents also *never* proposed at the Status Hearing that they should be

---

[2] Respondents' reference to 3,800 pages of responsive documents is curious in light of Respondents' representations at the Court's Status Hearing indicating that, in all likelihood, multiple versions of the same statements would already have been produced to Petitioner's counsel. *See, e.g.*, 2/6/09 Tr. at 47:10 - 47:11 (Mr. Folio: "if there would have been multiple reports of the same interview[,] they would have been turned over to Petitioner").

ordered to provide a Status Report indicating the date by which they expected to be able to comply with the ordered discovery. If Respondents believed there was a specific burden that prevented them from producing discovery by the date set by the Court, they *never* mentioned it. The Court is not clairvoyant; it is not the Court's responsibility to foresee whether the ordered discovery would be overly burdensome on the Government. The Court must instead rely on the information provided by counsel. Because Respondents' counsel failed to proffer such information at the Court's Status Hearing, the Court is left to conclude that the burden either does not exist, or Respondents' counsel was unprepared for the hearing.

In any event, Respondents' motion now asks the Court to convert the February 20, 2009 deadline for production of the ordered discovery into a deadline for a status report. The Court shall summarily reject this request as a violation of the January 7, 2009 Scheduling Order, which requires that motions for extensions be justified by demonstrable extraordinary circumstances. *See* Scheduling Order at 3 (Jan. 7, 2009). Not only have Respondents failed to reference this standard, but their specific reasons for seeking an extension appear to be located entirely in a footnote. *See* Resp'ts' Mot. at 6 n.3. The Court advised the parties in its Scheduling Order that any motion that failed to comply with its provisions would be summarily denied. *See* Scheduling Order at 3 (Jan. 7, 2009). This is one such example.

Accordingly, it is, this 20th day of February, 2009, hereby

**ORDERED** that Respondents' Motion to Clarify, Amend, and Reconsider the Court's Order of February 6, 2009, is DENIED; it is further

**ORDERED** that the Court's February 6, 2009 Order requiring Respondents to

produce "all statements, in whatever form, whether cumulative or not, that have not previously been disclosed, made by the six individuals named in the Factual Return and who were discussed at the Court's February 6, 2009 hearing, relating to the statements attributed to them in the Factual Return," did not require Respondents to search beyond the documents compiled by JIG and OARDEC, but now having raised the issue, and even though the Court shall not order a search outside of these documents, if Respondents' counsel already has knowledge of such responsive documents outside of this compilation, they shall also be produced to Petitioner; and it is further

**ORDERED** that the Court shall not convert the February 20, 2009 deadline for producing discovery into a date for a status report.  If Respondents need additional time to comply with their discovery obligations in this case for reasons that are specific to this case, they are required to file a Motion for an Extension pursuant to the Court's January 7, 2009 Scheduling Order

**SO ORDERED.**

Date: February 20, 2009

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge